```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2
     UNITED STATES OF AMERICA,
 3                                          Criminal Case
                     Plaintiff(s),          No. 23-00016 (JEB)
 4            v.
                                            Washington, D.C.
 5   FRANK ROCCO GIUSTINO,
                                            June 23, 2023
 6                   Defendant(s).

 7   ------------------------------------------------------------

 8              STATUS CONFERENCE HELD VIA ZOOM
            BEFORE THE HONORABLE JAMES E. BOASBERG
 9             UNITED STATES DISTRICT CHIEF JUDGE

10   APPEARANCES:

11   FOR THE PLAINTIFF(S):   Douglas Collyer, Esquire
                             United States Attorney's Office
12                           Eastern Division of New York
                             14 Durkee Street
13                           Room 340
                             Plattsburgh, New York 12901
14

15
     FOR THE DEFENDANT(S):   Evan Sugar, Esquire
16                           Federal Defenders of New York
                             770 Federal Plaza
17                           Central Islip, New York 11722

18


19

20   REPORTED BY:            Tammy Nestor, RMR, CRR
                             Official Court Reporter
21                           333 Constitution Avenue Northwest
                             Washington, D.C. 20001
22                           tammy_nestor@dcd.uscourts.gov

23


24


25
```

```
 1   The following proceedings began at 2:33:
 2           THE COURTROOM DEPUTY:  Good afternoon, Your Honor.  We
 3   are here today for a status conference in criminal
 4   matter 23-16, the United States of America versus Frank Rocco
 5   Giustino.
 6           Beginning with counsel for the government, please
 7   state your name for the record.
 8           MR. COLLYER:  Douglas Collyer for the United States.
 9   Good afternoon, Your Honor.
10           THE COURT:  Good afternoon, Mr. Collyer.
11           MR. SUGAR:  Federal Defenders of New York by Evan
12   Sugar.  Good afternoon, Judge.
13           THE COURT:  Good afternoon.  You are a little
14   distorted.
15           MR. SUGAR:  I'm sorry.  I will try to speak up.
16   Federal Defenders of New York by Evan Sugar.  Good afternoon.
17           THE COURT:  Great.  Thank you.
18           Mr. Giustino, good afternoon to you.
19           THE DEFENDANT:  Good afternoon.  Can you hear me all
20   right?
21           THE COURT:  I can hear you fine.
22           THE COURTROOM DEPUTY:  Your Honor, we also have
23   pretrial as well as probation is in the courtroom.
24           THE COURT:  Great.  Okay.  Let me just have pretrial
25   state their appearance.
```

1       THE PRETRIAL SERVICES OFFICER:  Good afternoon, Your
2  Honor.  Pretrial Services Officer Katrina Stanford on behalf of
3  PSA for the District of Columbia.
4       THE COURT:  Thank you.
5       Ms. Brady, you're New York.  Do you want to state your
6  appearance.
7       THE PRETRIAL SERVICES OFFICER:  I apologize.  I
8  couldn't find the mute on my phone.
9       Officer Mallori Brady, pretrial services for the
10 Eastern District of New York.
11      THE COURT:  Great.
12      So we were going forward, and then, Mr. Giustino, you
13 filed something in May.  I'm a little bit jumbled.  What are
14 you seeking to do here?  You want a new lawyer, is that
15 correct?
16      THE DEFENDANT:  No.  I want the oath issue addressed,
17 and I want the prosecution off my back.  This has been a
18 nuisance, and I don't believe that there's any court.
19      For the record, I feel like I have not been arraigned.
20 I haven't been arraigned.  And, yeah, the speedy trial clock
21 has been long spent.  And this has been an absolute clown show
22 of a prosecution filled with lies and avoidance of me and my
23 family.
24      And now we have Doug, the prosecutor, saying on record
25 of my intentions that are being completely taken out of

1  context.

2       So I am here as a courtesy to this, quote/unquote,
3  court, because I don't believe there's any real judicial
4  officers here right now, because you guys threatened U.S.
5  Marshals on me.  And this is a courtesy to hear you out and to
6  hear what you guys have to say because I think I have made it
7  pretty clear to all of you my intentions on public record
8  through file 36 and 39 that the oath of office for the chief
9  judges that have been involved with my case are not conforming
10 as prescribed by Congress under Statute 28 United States
11 Code 453.

12      So I want an explanation for that.  Why is the oath of
13 office for the judges on my case not conforming to statute?

14      And now why is the prosecution telling me that I am
15 getting jail time while my, quote/unquote, lawyer -- who, by
16 the way, does not represent me.  He's fired as of the 30th.
17 So, you know, he can politely leave if he would like to because
18 I don't know why he's here --

19      THE COURT:  He's here --

20      THE DEFENDANT:  -- but, you know --

21      THE COURT:  Hold on.  Hold on.  First of all, just
22 because your views are intemperate doesn't mean you need to
23 express them intemperately.  I would ask you to conduct
24 yourself in a civilized fashion just the way the rest of us
25 are, which would avoid unnecessary ad hominem attacks.

```
 1              So to begin with, I asked you if you wanted a new
 2   lawyer, and you said no.  Are you seeking a new lawyer in this
 3   matter?
 4              I can tell you right now, if you have a problem with
 5   one of the oaths, you can raise that on appeal, but I am not
 6   withdrawing as the judge, nor am I vacating your plea simply
 7   because you have some fabricated issue regarding the oath.
 8              THE DEFENDANT:  It's not a fabricated issue.  Judge
 9   Boasberg, can you please explain to me why your oath of office
10   does not conform exactly to the statute?
11              THE COURT:  Okay.  Next question.  Do you want to
12   proceed with Mr. Sugar as your attorney, or are you seeking a
13   new lawyer?  And if you are seeking a new lawyer, I will need
14   to ask you what he hasn't done.
15              THE DEFENDANT:  Mr. Boasberg, have you seen and signed
16   my file as of May 30?  Did you sign that file that I have on
17   record right now?  It's document 36.  Did you sign that?
18              THE COURT:  I gave you leave to file it is what I did.
19              THE DEFENDANT:  Right, you gave leave to file.  And
20   that leave to file, you had to read that, correct?
21              THE COURT:  No.  I just saw that it's a document you
22   want to place on the record, and I permitted you to place it on
23   the record.
24              THE DEFENDANT:  So you didn't need to read any of the
25   contents?  You just had to just sign it and stamp it and that's
```

1   it?  You didn't have to see what was on it?
2           THE COURT:  Mr. Giustino, your role here is not to
3   cross-examine me.  I am asking you now, do you wish to have a
4   new lawyer, or we are going to go forward picking a sentencing
5   date for you?
6           THE DEFENDANT:  I am pro se as of the 30th.  I
7   terminated Evan Sugar.  He saw that, and he should not be here.
8   I am pro se.
9           THE COURT:  I asked him to be here.  So you wish --
10  okay.  You are not allowed to go pro se until I conduct an
11  inquiry to ensure that that is a knowing and intelligent waiver
12  of your right to counsel.
13          So Mr. Sugar is here because I asked him to be here,
14  and he is your lawyer until I relieve him of such duties.
15          THE DEFENDANT:  Then why did Evan continue to ask me,
16  if he wanted to relieve himself from my case or not, if he
17  wanted me to go pro se?  He should have known the answer
18  already.  He should have seen my filing on the 30th.  So why is
19  this man talking to me as if he is still my lawyer?  I want him
20  off my case.
21          THE COURT:  Okay.  I understand that.  And you wish to
22  proceed pro se, is that correct?
23          THE DEFENDANT:  Correct.
24          THE COURT:  All right.  So I need to conduct an
25  inquiry to make sure that this is a knowing and voluntary

1  decision and one that you are competent to make.  The Supreme
2  Court requires me to conduct such an inquiry.  And so whether
3  you want to do it or I want to do it, the law requires me to do
4  it.  So I am going to proceed with that.  I've got to ask you a
5  number of questions about that.  All right?
6            Okay.  So I will have you hold on one minute while I
7  procure the file on that.
8            All right.  So, Mr. Giustino, there are a number of
9  things I've got to explain to you.  First of all, do you
10 understand you do have a right to a lawyer, and if you can't
11 afford to hire your own lawyer, one could be appointed for you?
12 Do you understand that?
13           THE DEFENDANT:  There is no court.  I haven't been
14 arraigned, and you can continue asking whatever questions you
15 want.  I'm pro se.
16           THE COURT:  All right.  Sir, I am going to proceed to
17 ask you these questions.  If you don't want to answer them,
18 then I am not able to permit you to proceed pro se if I don't
19 find you are able to answer these appropriately.  So I need to
20 go through the questions.
21           Again, do you understand you have a right to a lawyer,
22 and if you can't afford to hire one, one can be appointed for
23 you if you qualify?
24           THE DEFENDANT:  Sure.
25           THE COURT:  I want to talk about some of the

1  advantages to having a lawyer.  Now, you have already pled
2  guilty in this matter, so this is just going to sentencing.
3  But a lawyer has experience and knowledge of the process of
4  sentencing, understands sentencing options, sentencing
5  guidelines to the extent they apply in this case.  He can
6  collect information in regard to sentencing including letters
7  and other materials and otherwise assist you in sentencing.  Do
8  you understand that's what he could do?
9             THE DEFENDANT:  Sure.
10            THE COURT:  Do you understand that if you go pro se,
11 then you will have to do that yourself, meaning the government
12 is going to -- there will be a presentence memorandum that has
13 already been filed.  I will consider that.  I will consider the
14 government's position.  And then you will have to make argument
15 by yourself.  Do you understand?
16            THE DEFENDANT:  Yes.
17            THE COURT:  In addition, if I decide to incarcerate
18 you at sentencing, your lawyer would be able to recommend a
19 facility.  But you may not have the knowledge about what
20 facilities to recommend and, therefore, would be subject to the
21 whims of the Bureau of Prison or at least, perhaps not the
22 whims, but its decision on where to incarcerate you.  Do you
23 understand that?
24            THE DEFENDANT:  It's not going to happen.  There's
25 going to be no sentencing because I haven't been arraigned and

```
 1   there's no court.  There's no judicial officers present at this
 2   time.
 3           Yes.
 4           THE COURT:  Mr. Sugar, was there a competency issue?
 5   Did you ever have any concern about that or not?
 6           MR. SUGAR:  No, I did not, Judge.
 7           THE COURT:  Okay.  Thank you.
 8           All right.  So in addition, do you understand that I
 9   am not going to treat you any differently because you are
10   pro se, that I will treat you as if you were an attorney and
11   not give you any special treatment because you do not have a
12   legal education?  Do you understand that?
13           THE DEFENDANT:  Yes, the same way that I'm not going
14   to treat any of you differently because you have an oath that
15   doesn't conform to statute.
16           THE COURT:  Do you understand that the maximum
17   sentence you could receive is six months?
18           THE DEFENDANT:  Yes.
19           THE COURT:  And that the maximum term of probation is
20   up to five years, do you understand that?
21           THE DEFENDANT:  Oh, I understand it.  I saw it.
22           THE COURT:  Okay.  Tell me, how far have you -- first
23   of all, how old are you now?
24           THE DEFENDANT:  32.
25           THE COURT:  Can you read and write?
```

```
1              THE DEFENDANT:  Yes, very well.
2              THE COURT:  Do you have any difficulty understanding
3     English?
4              THE DEFENDANT:  None.
5              THE COURT:  How far did you go in school?
6              THE DEFENDANT:  Bachelor's.
7              THE COURT:  From what institution?
8              THE DEFENDANT:  Massage therapy, New York College of
9     Health Professions.
10             THE COURT:  Are you currently under the influence of
11    any drugs or alcohol?
12             THE DEFENDANT:  Nope.  No.
13             THE COURT:  Have you ever been diagnosed and treated
14    for a mental illness?
15             THE DEFENDANT:  Never.
16             THE COURT:  Has anyone threatened you seeking you to
17    fire your attorney?
18             THE DEFENDANT:  No.
19             THE COURT:  Have you ever had any legal education?
20             THE DEFENDANT:  I have educated myself.
21             THE COURT:  Okay.  Do you have any questions about
22    what it means to represent yourself in this matter?
23             THE DEFENDANT:  I do not.
24             THE COURT:  Okay.  Now, if I allow you to represent
25    yourself, I could also have Mr. Sugar remain as standby
```

1  counsel.  What that means is that you could consult with him
2  and ask his advice, but you would still be the lawyer and be
3  responsible for everything in court.  So I would be happy to do
4  that if you wish and if he agrees.
5        THE DEFENDANT:  No, thank you, because I haven't heard
6  from that man in over a month.  So I would prefer -- I can just
7  do everything on my own.
8        THE COURT:  Okay.  All right.  Now that you understand
9  your rights and obligations and the dangers of representing
10 yourself, do you still wish to do so?
11       THE DEFENDANT:  The dangers of representing myself?
12 Can you elaborate on that?
13       THE COURT:  Sure, meaning that you don't have a legal
14 education, you have never conducted a sentencing hearing
15 before, and therefore, you would be at a disadvantage because
16 you wouldn't be as educated as lawyers who conduct these all
17 the time such as your attorney.
18       THE DEFENDANT:  Well, if it's been any indication thus
19 far, I think I would be at an advantage -- I think I would do a
20 much better job than the legal counsel that has been given to
21 me thus far.
22       THE COURT:  Okay.  Now, understanding all of your
23 rights and the advantages and disadvantages, is it your
24 decision to represent yourself going forward?
25       THE DEFENDANT:  Yes.

1      THE COURT: Okay. Mr. Sugar, thank you very much for
2 your assistance in this matter. I will relieve you of any
3 further responsibility.
4      MR. SUGAR: Thank you, Judge. And I would just note
5 for Mr. Giustino's purposes that if he needs any of the
6 contents of the file that we maintained, he can reach out to
7 our office and we will provide it.
8      THE COURT: Thank you very much.
9      All right. I find that the defendant has made a
10 willing and knowing and voluntary waiver of his right to
11 counsel, that he is competent and able to represent himself in
12 this matter and desires to do so, and so I will permit him to
13 do so.
14      THE DEFENDANT: Thank you.
15      MR. SUGAR: Judge, I'm sorry to interrupt. May I
16 excuse myself?
17      THE COURT: Thank you very much. You may.
18      MR. SUGAR: Thank you.
19      THE COURT: We need to pick another date. Government,
20 Mr. Collyer, you have submitted your memorandum, is that
21 correct?
22      MR. COLLYER: I have, Your Honor. I would just note
23 that our sentencing recommendation may change between today's
24 date and the actual sentencing based on the apparent lack of
25 remorse here.

1           THE COURT:  I completely understand that.  I will let
2    you file an amended recommendation -- or, sorry, an amended
3    memorandum whenever you wish.
4           Okay.  So how is July 13, let's say 10:00 a.m., in
5    person for that, Mr. Collyer?
6           MR. COLLYER:  That works for me, Your Honor.
7           THE COURT:  Mr. Giustino, how does that work for you?
8           THE DEFENDANT:  In person for what?
9           THE COURT:  Sentencing.
10          THE DEFENDANT:  We're not doing any sentencing date.
11   Have you guys heard anything that I have said?  Have you seen
12   anything that I have filed?  This is not a real court.  There
13   is not a single judicial officer here presiding on my case.  We
14   still have not addressed this oath issue.  There is no bond to
15   you, Mr. Boasberg, and me.  And there also is no bond to the
16   lawyer that I was given, Mr. Evan Sugar, because he lapsed in
17   registration and was not properly insured.
18          There is a mountain of documented evidence and
19   grievances I have with this entire court.  So this is not going
20   to make it to sentencing.  I promise you that.
21          THE COURT:  Okay.  So if you want to file a motion in
22   regard to anything you wish, you may do so.  If you do not
23   appear for sentencing -- if I do not excuse you from sentencing
24   or dismiss the case or do anything else in a motion, failure to
25   appear for sentencing on July 13 will yield an arrest warrant

1  and you will be detained until sentencing.  So I'm just letting
2  you know that now.
3          THE DEFENDANT:  So let me ask you this.  Why wasn't
4  this arrest warrant put out last week?  I'm curious.
5          THE COURT:  I haven't told you if you don't appear
6  that I am going to issue a warrant.  I'm telling you that right
7  now though.
8          THE DEFENDANT:  Uh-huh.  Okay.
9          THE COURT:  Okay.  So let me just ask -- so July 13,
10 at 10 a.m.  Thank you.
11         And then in terms of --
12         THE DEFENDANT:  Well, I'm not agreeing to anything.  I
13 still -- I want to know, what was the purpose of today's
14 conference?  Because what Evan was telling me through email --
15         THE COURT:  The purpose of today's conference was to
16 see if you wanted to continue with your lawyer, and if you
17 didn't, whether you wanted to represent yourself and to pick
18 another sentencing date.  I have accomplished all of those
19 things.
20         THE DEFENDANT:  That is a lie because your officer
21 Evan, Evan Sugar, he emailed me and he said we were going to
22 talk about the issues that were addressed in my filing.  So
23 what you are telling me now is that this meeting today had
24 nothing to do with my filing issues.  This had to do with
25 setting up a sentencing date.  That is not true at all.  I have

```
 1   it in writing.
 2              So either we're going to set up a -- we're going to
 3   set up a discussion right now with the time that we have to
 4   discuss what was discussed in my file, or there is not going to
 5   be a sentencing date.  Do you understand me, every single one
 6   of you?  You are not a real court.  This is a courtesy that I'm
 7   here.  I am the one that is calling the shots right here
 8   because you guys are not real judicial officers.  You do not
 9   have a valid oath of office.
10              THE COURT:  So let me ask you, Ms. Brady, are there
11   other pretrial compliance issues?  I think the last one did not
12   mention anything.
13              THE PRETRIAL SERVICES OFFICER:  No.  Mr. Giustino has
14   reported as he was directed up until his failure to appear via
15   virtual appearance last week.
16              THE COURT:  Okay.  Got it.
17              All right.  So, again, Mr. Giustino --
18              THE DEFENDANT:  I have a complaint though.  I have a
19   complaint.  So Mallory actually tried offering me legal -- she
20   was divulging legal questions, asking me what I was legally
21   going to do with my filings.  That was completely out of her
22   scope and wildly inappropriate.  So I'm not the one causing any
23   problems here.
24              THE COURT:  Mr. Giustino, if you don't appear on
25   July 13 without prior reason that I have excused you, I will
```

1  issue a warrant for your arrest.
2          Thank you, everybody.
3          Mr. Collyer, you can file --
4          THE DEFENDANT:  Why don't I issue a warrant for your
5  arrest?  I think the U.S. Marshal should come after you, not
6  me.  You're the one that is going to be put in default
7  judgment.  Do you understand me?  You've been refused for
8  cause.  You do not have an oath of office under statute that's
9  conforming.  You are not doing it.
10         And, Doug, you're an asshole.
11         THE COURT:  Nicole, if you would be so kind as to mute
12 the defendant.
13         THE DEFENDANT:  Yeah.  Doug, fuck you, by the way.
14         THE COURT:  Mr. Giustino, you are also going to risk
15 contempt of court if you continue to act in such an uncivilized
16 and obstreperous manner.
17         Mr. Collyer, you may file your amended memorandum.  Is
18 the 30th sufficient time?
19         MR. COLLYER:  Yes, Your Honor.  Thank you.
20         THE COURT:  Thank you.  And I would certainly be
21 receptive to such amended memorandum.
22         Okay.  Thank you all.  See you on the 13th.
23         (The hearing concluded at 2:53 p.m.)
24                              - - -
25

C E R T I F I C A T E

    I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

6/24/23                    s/ Tammy Nestor
                           Tammy Nestor, RMR, CRR
                           Official Court Reporter
                           333 Constitution Avenue NW
                           Washington, D.C. 20001
                           tammy_nestor@dcd.uscourts