**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 1:23-cr-16 (JEB)** |
| **v.** | : | |
| | : | |
| **FRANK ROCCO GIUSTINO,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum in connection with the above-captioned matter. For the reasons set forth herein, the government now requests that this Court sentence Frank Giustino to 4 months of incarceration, 36 months of probation, 60 hours community service, and $500 in restitution.  I incorporate herein and make a part hereof the government's sentencing memorandum filed on June 9, 2023. Dkt. No. 40.

As more fully explained in the government's sentencing memorandum (*Id.*), on January 6, 2021, Frank Giustino ("Giustino") aggressively confronted police prior to entering the Capitol at 2:16 p.m. only three minutes after other rioters broke open the Senate Wing Door and shattered nearby windows in the initial breach of the Capitol. On June 23, 2023, Giustino appeared for a status conference in this matter, at which he was disrespectful, refused to acknowledge the authority of the Court and aggressively belittled the attorneys, our system of justice, and the case that seeks to hold him accountable for his own criminal actions on January 6.

One goal of sentencing is specific deterrence, or the need to protect the public from further crimes by this defendant.  18 U.S.C. §3553(a)(2)(B-C), *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010).  Giustino's actions during the riot and his most recent behavior in Court illustrate that Giustino clearly has no remorse for his conduct on January 6, but instead sees himself as the

victim.  He referred to the prosecution as a "clown show" and a "nuisance," *see* Exhibit 1: transcript, page 3, lines 16 through 23, and stated his appearance in Court was a "courtesy." *Id.* at page 4, lines 2-11 and page 15, lines 6-7. He lodged *ad hominem* attacks, *id.* at page 16, lines 10-13, and suggested an arrest warrant should be issued for the Court and that the United States Marshals should "come after" the Honorable Chief Judge Boasburg.  *Id.* at page 16, lines 4-5.

"The violence and destruction of property at the U.S. Capitol on January 6 showed a blatant and appalling disregard for our institutions of government and the orderly administration of the democratic process."[1] Giustino's behavior at the conference showed the same blatant and appalling disregard for our institutions of government as did his behavior on January 6, more than two and a half years later and more than four months after his guilty plea.

Giustino's behavior in Court further evinces his belief that the attack on the Capitol was righteous, and graphically demonstrated his lack of remorse for his actions on January 6, necessitating a sentence that will deter him from similar conduct. Nothing about his arrest and prosecution has resulted in Giustino respecting the rule of law, a core goal of sentencing. Pursuant to 18 U.S.C.3553(a) a court must consider the need to promote respect for the law, afford adequate deterrence, and to protect the public, among other factors.  A similar case showing lack of acceptance of responsibility is *United States v. Kirstyn Niemela*, 21-cr-623-CRC-2. After a trial on four misdemeanor counts[2], Niemela expressed grievances against her lawyers, the Court, the

---

[1] Federal Bureau of Investigation Director Christopher Wray, Statement before the House Oversight and Reform Committee (June 15, 2021), available at https://oversight.house.gov/sites/democrats.oversight.house.gov/files/Wray%20 Testimony.pdf

[2] Similarly to Giustino, Niemela entered the Capitol 11 minutes after the breach of the Senate Wing Doors, but she was also proven guilty of multiple breaches and other more egregious conduct.  She was tried and convicted by a jury of violations of 18 U.S.C. §§ 1752(a)(1-2), Class A misdemeanors and 40 U.S.C. §§ 5104 (e)(2)(D and G), Class B misdemeanors. Thus, the sentence

government, and the jurors in her case.  Niemela portrayed herself and other January 6 rioters as the victims of January 6, rather than taking responsibility for her role in the violent attack on democracy.  At sentencing, Judge Cooper commented that, "… [your lack of acceptance of responsibility] was just demonstrated in your statement that you made to the Court.  You have cast yourself as the victim." *Id.*, Tr. 6/8/2023 at 80. In imposing the sentence, Judge Cooper stated, "…but your complete lack of responsibility for your actions, your attempts to blame everybody from the Court to the jury to the prosecutors to your lawyers to other politicians, you know, I have no comfort, or I would not be comfortable sentencing you to anything less than what the government has recommended in this case.  So, in many ways you have left me no choice." *Id.* at 88.

The government now recommends that this Court sentence Frank Rocco Giustino to 4 months of incarceration, 36 months of probation, 60 hours of community service and $500 in restitution. Such a sentence protects the community, promotes respect for the law, and deters future crime by imposing restrictions on his liberty as a consequence of his behavior.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:  */s/ Douglas G. Collyer*
DOUGLAS G. COLLYER
NDNY Bar No. 519096
Assistant United States Attorney
U.S. Attorney's Office

---

the government recommended, to which the Court sentenced Niemela, was significantly higher than the sentence recommended for Giustino.  Niemela received a sentence of concurrent terms of 11 months imprisonment on the Class A misdemeanors and concurrent terms of 6 months imprisonment on the Class B misdemeanors, and concurrent terms of 12 months of supervised release on the Class A misdemeanors.  Importantly, based in part on Niemela's lack of acceptance of responsibility, the Court chose to sentence her near the top of the range of punishment.  *Id.* Tr. at 80-81

14 Durkee Street, Suite 340
Plattsburgh, New York 12901
Office: 518-314-7800
Douglas.Collyer@usdoj.gov